IN THE UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF ARKANSAS
                             FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                         CASE NO. 5:14CR50066-001

HENRY ALONZO DIAZ aka "Hank"                                          DEFENDANT

              **<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

       Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a waiver of indictment and plea hearing pursuant to Rule 7(b) and Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on February 6, 2015, and, pursuant to a written plea agreement, the Defendant, Henry Alonzo Diaz, waived indictment and entered a plea of guilty to the one count information charging him with Interstate or Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952(a)(3)(A).  The plea agreement states that if the Court accepts the Defendant's guilty plea to the Information, the Government will move to dismiss the pending Indictment against the Defendant. After conducting the hearing in the form and manner prescribed by Rule 7(b) and Rule 11, the undersigned finds:

       1.     The Defendant, after consultation with his counsel, has knowingly and voluntarily waived indictment and consented, both in writing and on the record at the hearing, to the entry of his

guilty plea to an information before the undersigned, with the plea being subject to final approval by United States District Judge Timothy L. Brooks.

2.   The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed.

3.   The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea; the Defendant is fully satisfied with his counsel and has had sufficient time to consult with her; and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

4.   The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

5.   The parties were informed, both in writing and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing, their right to file objections.

Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written plea agreement be tentatively approved, subject to final approval at sentencing.

DATED this 10th day of February, 2015.

                                            /s/ *Erin L. Setser*
                                            HON. ERIN L. SETSER
                                            UNITED STATES MAGISTRATE JUDGE